Cowan, Liebowitz & Latman, New York City, Walter J. Derenberg, New York City, Alan Latman, New York City, of counsel, for plaintiffs.

Morgan, Finnegan, Durham & Pine, New York City, Lawrence F. Scinto, New York City, of counsel, for defendants.

**ADDISON–WESLEY PUBLISHING COM-PANY, Inc., Francis Weston Sears and Mark W. Zemansky, Plaintiffs,**

v.

**Dale BROWN, Victoria Bagneres and V. Bherens, d/b/a University Science Publications, and C. L. Brown, Defendants.**

**Civ. A. No. 62–C–356.**

United States District Court
E. D. New York.

May 24, 1962.

BRUCHHAUSEN, Chief Judge.

The plaintiffs move for a preliminary injunction herein. The action involves alleged unfair competition and copyright infringement arising out of defendants' publication, advertisement, and sale to college students of a set of solutions to problems contained in plaintiffs' copyrighted physics textbooks.

The plaintiffs are the publisher and authors of a set of physics textbooks entitled "University Physics" and "College Physics." The problems in these books are used by professors in classroom exercises, examinations and homework assignments. The defendants have published a book with ready-made solutions for the problems contained in these above named textbooks. The plaintiffs seek to restrain the defendants on the ground that their acts will destroy the market for these textbooks.

It is well to note at the outset in the defendants book of solved physics problems under the heading, Key To Numbering, the following sentence:

"This manual contains the solutions to the problems in 'College Physics' and 'University Physics', Part II, by Sears and Zemansky."

The affidavits of the moving party submitted in support of the preliminary injunction indicate that the publisher has been in this business of publishing books for twenty years, specializing in scientific and engineering subjects. Their books are used throughout the world. Publication of a new book involves research and consultation with the author before it is edited for publication. These activities require substantial expenditures, skill, knowledge and care. The sale of these books reached over two hundred thousand to students in over four hundred institutions. A request by Dale Brown to include solved problems was refused by the publisher. However, solved problems were introduced by the defendants. Complaints were soon received thereafter from professors with a threat to withdraw the use of the Sears and Zemansky books unless the sale of the solved problems is stopped. It is also shown that the publisher is being wrongfully associated with the solution books of the defendants, and the continued sale of the defendants' book will completely destroy the plaintiffs' rights.

The affidavit of Professor Zemansky states in substance that he is co-author with Professor Sears of "College Physics" and "University Physics." His vast experience in the teaching profession convinced him that a student cannot learn physics without working through for himself the solutions of problems illustrating the principles under study. The defendants' book offers ready-made solutions to every problem in Part II of the text. The answers are a substitute for a student's analysis of a problem.

The affidavit of Frank J. O'Rourke, an officer of Barnes & Noble, Inc., states in substance that Dale Brown approached him with a manual of solved problems of another text published by the plaintiff publisher. His experience taught him that a set of solutions to problems in their text often destroys the usefulness of the text to the professor and thus jeopardizes its adoption by him as a required text. In response to whether she received permission from the authors to distribute her book, she replied in the affirmative. To date no such authorization has been received by Barnes & Noble, Inc.

The affidavit of Professor Wehr of Drexel Institute states that he conferred with a C. L. Brown who offered a publication of solved problems in physics to the problems appearing in the plaintiff's books. The professor stated that the institute does not approve of a student being able to secure solved problems of a text and that such course will only harm the student.

The trend of the law today is to enforce higher standards of fairness and morality in trade, depending upon the character and nature thereof. The contentions of the defendants have been fully examined and are found inapplicable to the facts in this case.

The governing principles with a complete review of the law and authorities are found in Metropolitan Opera Association, Inc. v. Wagner-Nichols Recorder Corp., 199 Misc. 786, 101 N.Y.S.2d 483, affirmed 279 App.Div. 632, 107 N.Y.S.2d 795; Dior, S.A.R.L. v. Milton, 9 Misc.2d 425, 155 N.Y.S.2d 443; International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211.

Motion granted. The plaintiffs shall give security in the sum of $1,000. Submit order.